IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JYRKI PULKKINEN, FORMER
HUSBAND,

      Appellant,

v.

KAREN ELAINE PULKKINEN
N/K/A KAREN ELAINE
BRAUTCHECK, FORMER
WIFE,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4415

_____/

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Alachua County.
James P. Nilon, Judge.

William Falik of William Falik, P.A., Gainesville, for Appellant.

Darby F. Hertz and John J. Kearns of Hertz & Kearns, Gainesville, for Appellee.


ROBERTS, J.

      In this appeal from an order granting the former's wife motion to dismiss that

also denied the former husband's motion to enforce the parties' final judgment of

dissolution of marriage, the former husband raised four issues. Because we find the

second issue raised by the former husband controls the outcome, we write solely to address that issue.

The parties' marriage was dissolved by a final judgment of divorce entered by a Michigan court in 2007. In 2010, the former wife petitioned to domesticate the final judgment while the former husband petitioned to register the final judgment. The final judgment and child support orders were ultimately registered under section 88.6111(1), Florida Statutes (2010). The final judgment incorporated the parties' mediation agreement in which the parties settled all of their differences including child support for the parties' two minor children. In the mediation agreement, the parties agreed that the former husband would receive interest at the rate of one and a quarter percent per month on any amount of prepaid child support. Instead of the interest being paid to the former husband, it would be credited toward his future child support obligation entitling him to a reduction in his child support. On an annual basis, the parties are supposed to compute the amount of interest the former husband has earned. If the parties are not able to agree on the amount of interest the former husband it entitled to, the parties agreed to have a judicial officer, arbitrator, or other person empowered to make decisions compute the interest the husband is entitled to receive. In his motion to enforce the final judgment of dissolution of marriage, the former husband alleged that the former wife has refused to comply with the annual accounting procedures.

2

In reply to the former husband's motion to enforce, the former wife filed a motion to dismiss arguing that the enforcement of this provision would leave the minor children without child support and such a provision is against Florida's public policy. The trial court agreed with the former wife that the interest provision violated Florida's public policy and entered an order granting the former wife's motion.

While this appeal has been pending, the Florida Supreme Court decided LeDoux-Nottingham v. Downs, 210 So. 3d 1217 (Fla. 2017). In LeDoux-Nottingham, a mother argued that the enforcement of a registered and domesticated Colorado order that granted her children's grandparents visitation rights is unconstitutional and against public policy. Id. at 1219. The Florida Supreme Court stated that even though the Florida Constitution protects a parent's right to raise her children free from unwarranted governmental interference that State right is subordinate to the Federal Constitution under the Supremacy Clause. Id. at 1220. The Court further stated that the United States Supreme Court has continuously rejected the notion that a state may elevate its public policy over the policy behind another state's judgment. Id. at 1223. The Court concluded by stating that even though a Florida court could not lawfully enter an order that grants grandparents visitation rights, a Florida court cannot refuse to enforce such an order by another state court. Id.

Even if the parties' Michigan final judgment of dissolution of marriage violates Florida's public policy concerning a child's right to child support, the trial court cannot refuse to enforce a judgment from a sister state that was lawfully entered. Accordingly, we reverse the trial court's order granting the former wife's motion to dismiss and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

ROWE and MAKAR, JJ., CONCUR.